IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:06-CV-275-MHT |
| ) | |
| JAY JONES, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Michael Dewayne Williams ["Williams"], a convicted prisoner incarcerated in the Lee County Detention Center, complains that the defendants are violating his constitutional rights by refusing to transfer him to the state prison system, denying him access to an education and substance abuse treatment as ordered by the sentencing court, and failing to provide him with adequate medical treatment.

Upon review of the complaint, the court concludes that Williams' challenge to his confinement in county custody and his claim alleging a denial of access to favorable programs are due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss any claim presented in a prisoner's civil action prior to service of process if it determines that the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**DISCUSSION**

**A. Challenge to County Confinement**

Williams contends that his constitutional rights are being violated by his confinement in a county detention center. Specifically, Williams complains that despite imposition of his sentence on February 17, 2006 he has not yet been transferred to the state prison system. *Plaintiff's Complaint at 2*. Williams maintains that "the law" requires that he be transferred to state custody within 30 days of sentencing. *Id*. This claim is without merit.

A convicted prisoner has no constitutionally protected right to confinement in a particular penal facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Thus, an inmate may be confined in any correctional facility without implicating the prisoner's constitutional rights. *Id.; see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976). The plaintiff's confinement in the Lee County Detention Center, although it may entail "more burdensome conditions [than that of a state prison], [is] 'within the normal limits or range of custody which the conviction has authorized the State to impose.' [*Meachum,* 427 U.S. at 225]; *see also Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)." *Sandin v. Conner,* 515 U.S. 472, 478 (1995).

In light of the foregoing, it is clear that the action about which Williams complains does not rise to the level of a constitutional violation and therefore provides no basis for relief in this 42 U.S.C. § 1983 action. Consequently, this claim is subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Favorable Programs

Williams asserts that the defendants have denied him access to "court ordered programs" regarding receipt of a general education diploma ["GED"] and substance abuse treatment. *Plaintiff's Complaint* at 3. The law is well settled that an inmate has no constitutionally protected interest in educational or drug treatment programs as the failure to place an inmate in such program does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The mere fact that a state court may have ordered that an inmate be provided access to these programs does not implicate the Constitution. Thus, Williams' claim of entitlement to favorable prison programs is indisputably meritless as it alleges "infringement of a legal interest which clearly does not exist" and is subject to dismissal as frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319 (1989).[2]

### CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claim challenging his confinement in a county facility and his assertion of entitlement to favorable prison programs be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claim alleging a denial of adequate medical treatment be referred back

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

to the undersigned for additional proceedings.

It is further

ORDERED that on or before April 17, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of April, 2006.

           /s/Charles S. Coody
           CHARLES S. COODY
           CHIEF UNITED STATES MAGISTRATE JUDGE