IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> JAY JONES, et al., ) <br> ) <br> Defendants. ) | CASE NO. 3:06-CV-275-MHT <br> [WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Michael Dewayne Williams ["Williams"] initiated this 42 U.S.C. § 1983 complaint challenging the medical treatment provided to him during his confinement in the Lee County Detention Facility. On March 29, 2006, this court entered an order a copy of which the Clerk mailed to Williams. The postal service returned this order because Williams no longer resided at the address he had provided to the court for service. In light of the foregoing, the court entered an order requiring that on or before April 21, 2006 Williams inform the court of his present address. *See Order of April 12, 2006 - Court Doc. No. 8*. This order specifically cautioned Williams that his failure to comply with its directives would result in a recommendation that this case be dismissed. *Id*. Williams has filed nothing in response to the April 12, 2006 order. The court therefore concludes that this case is due to be dismissed.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be

dismissed without prejudice for failure of the plaintiff to prosecute this action.

It is further

ORDERED that on or before May 14, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done this 1st day of May, 2006.

                                                /s/Charles S. Coody
                                                CHARLES S. COODY
                                                CHIEF UNITED STATES MAGISTRATE JUDGE